NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR GARCIA TORRES, AKA Edgar Garcia, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-71561 <br><br> Agency No. A206-408-920 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Oscar Garcia Torres, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

In his counseled opening brief, Garcia Torres does not raise, and therefore waives, any challenge to the agency's determination that he was convicted of a particularly serious crime that barred him from eligibility for asylum and withholding of removal.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, Garcia Torres's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Garcia Torres failed to show it is more likely than not he would be tortured if returned to Honduras.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

16-71561